IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-133-BO

| | |
|---|---|
| CALVIN TYRONE NORTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF WHITEVILLE, a Municipality; )<br>DARREN L. CURRIE, City Manager sued )<br>in his official capacity & individual )<br>capacity; TERRY MANN, Mayor of )<br>Whiteville, Elected Official sued in his )<br>official capacity & individual capacity; )<br>RACHEL RIVENBARK, Human Resource )<br>Director sued in her official capacity & )<br>individual capacity; TRACEY CARTER, )<br>Police Officer of Whiteville Police )<br>Department sued in her official & )<br>individual capacity; ELIJAH KEMP, animal )<br>control of the Whiteville Police Department )<br>sued in his official capacity & individual )<br>capacity; JEFFERSON WEAVER, an )<br>employee writer for The News Reporter )<br>Company, Incorporated, sued in his official )<br>capacity & individual capacity, THE NEWS )<br>REPORTER COMPANY, )<br>INCORPORATED, a business Corporation, )<br>)<br>Defendants. ) | O R D E R |

    This cause comes before the Court on motions to dismiss filed by defendants, plaintiff's motion for entry of default, and plaintiff's motion for judgment on the pleadings. The appropriate responses and replies have been filed, or the time for doing so has expired, and the

matters are ripe for ruling. For the reasons discussed below, plaintiff's complaint is dismissed in its entirety.

BACKGROUND

Plaintiff, proceeding in this matter *pro se*, filed this action alleging claims pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment right to be free from unreasonable searches, his Fifth Amendment right to due process, and his Sixth Amendment right to face his accusers, as well as state law claims for gross negligence, false light invasion of privacy, and invasion of privacy intrusion. [DE 1]. After defendants The News Reporter Company and Weaver filed a motion to dismiss, plaintiff filed an amended complaint as of right. Plaintiff's amended complaint asserts the same claims as alleged in his original complaint except that plaintiff no longer asserts a claim for false light invasion of privacy and instead asserts a claim for libel per se. [DE 30].

The facts as alleged in support of plaintiff's amended complaint are as follows. On or about May 2, 2016, defendants police officer Carter and animal control officer Kemp entered the curtilage surrounding plaintiff's home without consent, summons, or a warrant. Carter and Kemp were allegedly responding to call about an injured dog at plaintiff's home. Plaintiff's dogs are kept behind a fence in plaintiff's backyard. Plaintiff was not cited or assessed a penalty for failure to adequately care for animals after Carter's and Kemp's visit. Carter and Kemp's search was captured on plaintiff's surveillance camera system. On the following day, plaintiff appeared at the City Hall Chambers Administration Building in Whiteville for a meeting with defendant Currie, Whiteville's City Manager, to discuss plaintiff's concerns regarding Carter and Kemp's search of his backyard.

Plaintiff alleges that defendant Currie became defensive, refused to provide plaintiff with a copy of the City's personnel policies, and responded to plaintiff's requests with an expletive. Plaintiff then served defendants Mann, Mayor of Whiteville, Currie, and Rivenbark, human resources director of Whiteville, as well as the City Clerk and members of the City Council, with a grievance complaint against Currie, Kemp, and Carter. On Tuesday May, 10, 2016, plaintiff appeared before the City Council at a public comment hearing and reminded the members that they had five days to respond to his grievance. Plaintiff alleges that the City of Whiteville, Currie, Mann, and Rivenbark failed to investigate plaintiff's grievance and take such action as required by the City of Whiteville Personnel Policy. Plaintiff further alleges that on May 12, 2016, defendant Weaver, acting on behalf of defendant The News Reporter Company, caused a false story to be printed saying that plaintiff was forced out of the City Council meeting on May 10, 2016, after being asked not to play an audio conversation of defendant Currie's misconduct and profanity toward plaintiff. Plaintiff further alleges that defendants Weaver and The News Reporter Company (News Reporter) acted with reckless disregard of the truth and intentionally embarrassed plaintiff in a print publication.

## DISCUSSION

The Court addresses first plaintiff's motion for entry of default against defendants Weaver and News Reporter. Plaintiff argues that Weaver and News Reporter's motion for extension of time to respond to plaintiff's amended complaint was filed beyond the time provided for responding to amended pleadings in Fed. R. Civ. P. 15(a)(3). Plaintiff's amended complaint was filed on July 8, 2016, and was purportedly signed and served via electronic mail and United States mail on July 6, 2016. [DE 30]. Service by means of both electronic mail and United States mail affords for three additional days to be added after the period would have

3

otherwise expired. *See* Fed. R. Civ. P. 6(d); EDNC CM/ECF Policy Manual § F(6); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-310-F, 2015 WL 8773262, at *3 (E.D.N.C. Dec. 14, 2015). Thus, defendants Weaver and News Reporter's response to plaintiff's amended complaint was due on or before July 25, 2016. Weaver and News Reporter's motion for extension of time to respond was filed on July 25, 2016, was timely filed, and Weaver and News Reporter are thus not in default. Plaintiff's motion is denied. The motion for extension of time is allowed and Weaver's and News Reporter's answer to the amended complaint is deemed timely filed.

Defendants Weaver and News Reporter moved to dismiss plaintiff's original complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Following the filing of plaintiff's amended complaint, Weaver and News Reporter filed an answer and additional brief in support of their motion. The remaining defendants, City of Whiteville, Currie, Mann, Rivenbark, Carter, and Kemp, have also answered and moved to dismiss plaintiff's complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130,

1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

As all defendants have answered plaintiff's amended complaint, their motions to dismiss are more properly considered motions for judgment on the pleadings. Fed. R. Civ. P. 12(c). The governing standard of a motion under 12(b)(6) and 12(c) are the same. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In ruling on a Rule 12(c) motion, the factual allegations contained in an answer "are taken as true only where and to the extent they have not been denied or do not conflict with the complaint." *Pledger v. N. Carolina Dep't of Health & Human Servs., Dorothea Dix Hosp.*, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998).

I.  *Section 1983 claims*

Plaintiff raises three claims under section 1983: a claim for violation of his Fourth Amendment right to be free from unreasonable search; a claim for violation of his Fifth Amendment right to due process of accusers, reports; and a claim for violation of his Sixth Amendment right to face-to-face accusers. Each claim is properly dismissed.

A.  Weaver and News Reporter

In order to state a claim for violation of a constitutionally protected right under 42 U.S.C. § 1983, a plaintiff must allege "that some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law."

5

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff has failed to sufficiently allege that defendants Weaver and News Reporter acted under color of state or territorial law, and his § 1983 claims against them must fail. "To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). The specific § 1983 allegations in plaintiff's amended complaint reference only defendants Currie, Mann, Rivenbark, Kemp, Carter, and the City of Whiteville (City of Whiteville defendants). Although plaintiff has alleged that Weaver's and News Reporter's actions were so entwined with those of the State of North Carolina as to be tantamount to state action, [DE 30 ¶ 67], such unadorned claim is plainly conclusory. Plaintiff has made no plausible allegation that the actions of Weaver and News Reporter could be fairly attributable to the State and plaintiff's § 1983 claims against them must be dismissed.

B.   City of Whiteville, Currie, Mann, Rivenbark, Carter, and Kemp

Plaintiff has also failed to state plausible § 1983 claims for relief against the City of Whiteville defendants. Plaintiff's Fourth Amendment for unreasonable search is based on defendants Carter and Kemp's entry on to the curtilage surrounding plaintiff's house and yard in order to respond to an allegation of an injured dog, invading "an area in which the plaintiff harbors a reasonable expectation of privacy all around plaintiff's property . . .." [DE 30 ¶ 22]. Carter and Kemp aver in their answer that they briefly entered the property surrounding plaintiff's home in order to investigate a complaint about a dog, that they first approached the front door and knocked in order to advise plaintiff of their presence, that a dog was located in plaintiff's backyard which was surrounded by a chain-link fence and which Carter and Kemp could easily view, and that, as the dog appeared to be in no acute distress and there was no

6

further evidence of animal cruelty, Carter and Kemp left plaintiff's property without issuing a citation or taking any other action. [DE 41 ¶¶ 12-15].

"[T]he Fourth Amendment protects the curtilage of a house and [] the extent of the curtilage is determined by factors that bear upon whether an individual reasonably may expect that the area in question should be treated as the home itself." *United States v. Dunn*, 480 U.S. 294, 300 (1987) (citing *Oliver v. United States*, 466 U.S. 170,180 (1984)). However, where law enforcement officers have a legitimate law enforcement purpose to enter the area surrounding a residential dwelling, such entry has been found to be reasonable and not in violation of the Fourth Amendment. *Alvarez v. Montgomery Cty.*, 147 F.3d 354, 358 (4th Cir. 1998) (holding that entry into backyard without warrant or consent but with legitimate law enforcement purpose reasonable under the Fourth Amendment and listing cases holding same).

Here, plaintiff has alleged that Carter and Kemp had a legitimate law enforcement purpose to enter the area surrounding plaintiff's residence – that is, to investigate a complaint about an injured animal. Plaintiff has not expressly alleged that Carter and Kemp breached a locked enclosure surrounding the curtilage. *See Edens v. Kennedy*, 112 Fed. App'x 870, 874-75 (4th Cir. 2004). Moreover, plaintiff's surveillance video, which he has referenced in his amended complaint and attached as an exhibit to his motion for judgment on the pleadings, [Ex. 5 to DE 50, 51],[1] reveals that Carter and Kemp approached plaintiff's home and Kemp knocked on the front door, that after receiving no response at the front door they went to the side of plaintiff's house, stopped at the fence – over-and-through which they could easily see – observed

---

[1] As plaintiff has relied on the video evidence in his complaint and motion for judgment on the pleadings, the Court may rely on the video without converting defendants' motions to ones for summary judgment pursuant to Fed. R. Civ. P. 56. *See Norfolk Fed. of Business Dist. v. City of Norfolk*, 103 F.3d 119 (4th Cir. 1996) (unpublished table decision) ("A court may consider matters of public record, items appearing in the record of the case, as well as exhibits attached to the complaint" on a 12(b)(6)).

7

two dogs who came to fence, and left. Plaintiff's characterization that his backyard is completely enclosed and that nothing could have been observed in plain view is contradicted by his own evidence. No plausible Fourth Amendment violation occurred and this claim is properly dismissed.[2] As plaintiff's motion for judgment on the pleadings is tailored to his Fourth Amendment claim, it is denied in light of the foregoing.

Plaintiff next asserts a claim for violation of his Fifth Amendment due process rights when defendant Currie failed to provide plaintiff with a copy of the City of Whiteville Personnel Policy upon request. Plaintiff contends that defendants Currie, Mann, Rivenbark, and the City of Whiteville violated North Carolina General Statute 160A-168 by refusing to hand over public personnel files and further failing to release personnel public files after the filing of a grievance. Plaintiff contends this violated his constitutional due process right to a fair investigation.

Plaintiff has failed to state a plausible due process claim.[3] The due process clause of the Fourteenth Amendment provides, *inter alia*, that no state shall deprive any person of life, liberty, or property without due process of law. U.S. Const. Amend. XIV. However, "where a deprivation of property is the result of a state employee's random and unauthorized act, the Constitution requires only adequate postdeprivation tort remedies, and not a predeprivation hearing." *Bogart v. Chapell*, 396 F.3d 548, 556 (4th Cir. 2005); *see also Hudson v. Palmer*, 468 U.S. 517, 518 (1984) ("when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are "impracticable" since the state cannot know when such deprivations will occur").

---

[2] Plaintiff makes vague allegations regarding a policy or custom of allowing defendants Carter and Kemp to perpetrate an unlawful intrusion into plaintiff's property. [DE 30 ¶37]. Plaintiff's allegations are conclusory at best and fail to state a claim against the City of Whiteville for constitutional violations pursuant to local government policy or custom. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

[3] The Court construes plaintiff's due process claim as one brought under the Fourteenth rather than the Fifth Amendment.

8

Plaintiff has alleged he was denied access to public personnel records. As provided in N.C. Gen. Stat. 160A-160(b2), any person who is denied access to this information may apply to the state courts for an order compelling disclosure. Plaintiff has made no allegation or argument that the state postdeprivation remedies are inadequate, and his due process claim is properly dismissed. *See Doe v. Montgomery Cty., Maryland*, 47 Fed. App'x 260, 261 (4th Cir. 2002) (dismissal of due process claim appropriate where claim based on denial of access to public records and state law sets forth procedures for challenging denial).

Finally, plaintiff has alleged a Sixth Amendment claim based on alleged deprivation of his right to confront his accusers. The Confrontation Clause of the Sixth Amendment applies only to criminal proceedings. U.S. Const. Amend. XVI; *see also Turner v. Rogers*, 564 U.S. 431, 441 (2011) (Sixth Amendment not implicated in civil proceedings). Plaintiff has not alleged any criminal proceedings related to the incidents and actions complained of in his amended complaint. He cannot therefore state a plausible claim for relief under the Confrontation Clause.

II.  *State law claims*

As the federal claims which give rise to the Court's jurisdiction over the amended complaint are properly dismissed, the Court declines to exercise jurisdiction over plaintiff's state law claims for gross negligence, libel per se, and invasion of privacy intrusion. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motions for entry of default [DE 34] and for judgment on the pleadings [DE 51] are DENIED. The motion for extension of time to answer [DE 33] is GRANTED and the answer filed at [DE 36] is deemed timely filed.

Defendants' motions to dismiss [DE 27, 37 & 42] are GRANTED. This action is DISMISSED in its entirety.

SO ORDERED, this __6__ day of December, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10

Case 7:16-cv-00133-BO   Document 52   Filed 12/07/16   Page 10 of 10